**Alan R. PURDY, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**No. 01–3003.**

United States Court of Appeals, Federal Circuit.

May 10, 2001.

Before CLEVENGER, Circuit Judge, PLAGER, Senior Circuit Judge, and SCHALL, Circuit Judge.

PER CURIAM.

Alan R. Purdy seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal because it was not timely filed. *Purdy v. Office of Pers. Mgmt.,* 86 M.S.P.R. 691, No. NY0845000126–I–1 (Sept. 13, 2000). We *affirm.*

I

Mr. Purdy was separated from the U.S. Postal Service in October 1995 and soon thereafter began to receive disability benefits from the Office of Personnel Management ("OPM"). In May 1997, OPM learned that Mr. Purdy had also received Social Security disability benefits since August 1995. OPM notified Mr. Purdy that he had been overpaid by OPM, because the disability payments from OPM should

have been reduced by the amount Mr. Purdy received under Social Security. [App.12] OPM informed Mr. Purdy that the amount of the overpayment was $15,792.00, and that OPM would recoup the overpayment by reducing his monthly disability benefits by $159.52 for 98 months, with a final reduction in the 99th month of $159.04, beginning with his February 1, 1999, check.

Mr. Purdy sought reconsideration of OPM's decision, and OPM denied his petition, notifying him of his right to appeal to the Board. He was notified in writing that his appeal to the Board must be filed within thirty calendar days of the date of the reconsideration decision, which was issued on November 7, 1998, or of his receipt of the letter, whichever was later.

Mr. Purdy's appeal was not received by the Board until February 14, 2000, late by over a year. Although Mr. Purdy's appeal form shows November 29, 1998, as the "effective date of the action appealed," it arrived at the Board in an envelope postmarked "Rochester, NY, Feb 11, 00."

Because Mr. Purdy's appeal notice was clearly untimely, the administrative judge gave Mr. Purdy the opportunity to demonstrate why the 30–day filing time should be waived. Mr. Purdy initially did not respond to the opportunity provided by the administrative judge, and OPM moved to dismiss his appeal as untimely. The administrative judge gave Mr. Purdy another chance to explain why his untimeliness should be excused. Mr. Purdy replied that he was not sure what he was supposed to do, since he was unable to retain a lawyer to assist him.

The administrative judge then dismissed Mr. Purdy's appeal as untimely in an opinion that explained that Mr. Purdy had offered no explanation for the delay in his appeal of more than a year, other than his inability to understand what he should have done, in the absence of legal assistance. The administrative judge pointed out that Mr. Purdy had not argued that his untimeliness was due to circumstances beyond his control, and had only argued an inability to retain counsel as a reason for his untimeliness. The administrative judge cited Board precedent, *Sabornido v. Office of Personnel Management*, 48 M.S.P.R. 66, 67 (1991), as holding that the inability to retain counsel does not excuse untimely filed appeals. Absent some evidence that Mr. Purdy had been diligent during the delay of more than a year, the administrative judge dismissed his appeal, and that decision became the final decision of the Board when it declined further review on September 13, 2000. Mr. Purdy then timely filed his petition for review in this court.

II

We must affirm a final decision of the Board unless it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (1994). In addition, we must affirm final decisions of the Board, when fact-based, if substantial evidence supports the Board's decision.

█ The Board has the power to waive the 30–day appeal time requirement upon a showing of "good cause." *Alonzo v. Dept. of the Air Force*, 4 MSPB 262, 4 M.S.P.R. 180, 184 (1980); *see also* 5 C.F.R. § 1201.12 (2000). The Board considers many factors in determining whether to waive the time limit, but it requires some justification for delay to be demonstrated by the appellant. We have held that whether to waive the time limit is committed to the discretion of the Board, and that this court will "not substitute its own judgment for that of the Board." *Mendoza v.*

*Merits Systems Protection Bd.,* 966 F.2d 650, 653 (Fed.Cir.1992) (en banc).

 In this case, we cannot say that the Board abused its discretion in holding that Mr. Purdy failed to provide a sufficient reason to excuse the long delay in filing his appeal.

We note that the underlying merits of Mr. Purdy's appeal—that he disagrees with the action of OPM to obtain repayment of moneys previously paid to Mr. Purdy—are not before us. We express no view on those merits, and instead emphasize that we cannot substitute our views for those of the Board on the subject of Mr. Purdy's untimely appeal. We therefore affirm the final decision of the Board.